**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

M. FELICIA SANCHEZ,

Plaintiff,

v. Case No. 16cv01410 WJ/WPL

CITY OF BELEN, and
ESTATE OF MICHAEL ESQUIBEL,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND And DENYING OTHER PENDING MOTIONS AS MOOT**

THIS MATTER comes before the Court upon the following motions:

- Plaintiff's Motion to Remand to State Court, filed January 27, 2017 **(Doc. 14);**
- Plaintiff's Motion to Amend/Correct Complaint, filed February 24, 2017 **(Doc. 27)**;
- Defendant City of Belen's Motion to Dismiss, filed January 4, 2017 **(Doc. 4)**; and
- Defendant Estate of Michael Esquibel's Motion to Dismiss, filed January 4, 2017 **(Doc. 5).**

Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion to remand is well-taken and, therefore, is GRANTED, and that the other motions are denied as moot based on the Court granting Plaintiff's motion to remand.

**BACKGROUND**

On September 7, 2016, Plaintiff filed this case in the Thirteenth Judicial District, County of Valencia, State of New Mexico. Doc. 1-2. Defendants removed the case to federal court on December 28, 2016, asserting federal question jurisdiction under 28 U.S.C. §1331. Plaintiff in

this case (hereinafter, "M.S.") was at all relevant times a student at Belen Middle School and Belen High School and alleges conduct on the part of Defendant Esquibel ("Defendant" for purposes of this Order) which was inappropriate and harmful.[1]

**DISCUSSION**

In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Except for narrow circumstances not present here, a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir.2005); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 & n.2 (2002). Generally, the presumption is "against removal jurisdiction." *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995). The removing party has the burden to demonstrate the appropriateness of removal from state to federal court. *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936). Thus, doubtful cases must be resolved in favor of remand. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, it shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

**I. Whether Remand is Proper**

The complaint is captioned as a "Complaint for Personal Injuries" and contains a single count brought under the New Mexico Tort Claims Act ("Tort Claims Act"), §41-4-12. Doc. 1-2. This Count alleges that M.S. suffered personal injuries "resulting from the deprivation of M.S.' Constitutional Rights" based on Defendant Esquibel's actions in threatening and intimidating

[1] The Court assumes that the named plaintiff in this lawsuit is a personal representative or next of kin, although the complaint does not specify this. Plaintiff's counsel should have identified exactly who is the named Plaintiff and her relationship to M.S.

M.S. and removing her from class and unlawfully detaining her in his office at Belen Middle School.

Defendants contend that while Plaintiff did not expressly cite to 42 U.S.C. §1983 in her complaint, she nevertheless alleges federal claims in the following allegations:[2]

> 29. At all times material hereto, the City of Belen and Esquibel owed M.S. a duty to act reasonably so as not to deprive her of her constitutional rights . . .
>
> 30. Esquibel's conduct in using his position to threaten, intimidate and silence M.S. from reporting the sexual abuse **was a deprivation of her First Amendment rights secured by the Constitution of the United States and the State of New Mexico . . .**
>
> 31. Esquibel's conduct silenced M.S. from further attempts to report the sexual abuse restraining her constitutionally protected speech.

Compl., Doc. 1-2, ¶¶29, 30 & 31 (emphasis added).

A plaintiff is considered to be the "master of the claim" since "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). Plaintiff insists that she is not alleging any federal claims. The question is whether a federal question appears on the face of the complaint. While Defendant chooses to focus on a few allegations that do reference the United States Constitution, Plaintiff points to parts of the complaint showing that she has taken pains to avoid federal jurisdiction. The complaint is captioned as a "Complaint for Personal Injuries" without any reference to or mention of civil rights violations (Doc. 1, Ex. 2 at 1), and the Jurisdiction and Venue section is limited to the waiver of immunity under the Tort Claims Act. The claims brought against the Estate of Esquibel and the City of Belen are framed in the context of state tort law. For example, the sole count asserts a claim brought under the Tort Claims Act and asserts vicariously liability

[2] The City of Belen filed a response, in which Defendant Estate of Michael Esquibel joined. Docs. 18 & 24. Esquibel killed himself before the investigation of this case was complete. *See* Doc. 42 at 2.

against the City of Belen based on Defendant Esquibel's conduct, which is available as a theory under the Tort Claims Act but not against a governmental entity under 42 U.S.C. §1983.[3] Plaintiff also claims that the references in the complaint to the "First Amendment" and the "Constitution of the United States" are from the language enumerating the torts listed in §41-4-12 of the Tort Claims Act:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities **secured by the constitution and laws of the United States or New Mexico** when caused by law enforcement officers while acting within the scope of their duties.

§ 41-4-12. Liability; law enforcement officers (emphasis added). Plaintiff maintains that despite the reference in the compliant to the "First Amendment of the Constitution of the United States," she is not actually asserting a federal claim under §1983. Instead, Plaintiff states that these allegations support the second pleading requirement for state tort claims brought under the Tort Claims Act, namely "that the plaintiff's injuries arose out of either a tort enumerated in this section or a deprivation of a right secured by law." *Malone v. Bd. of Cnty. Comm'rs for the Cnty. of Dona Ana*, No. CIV 15-0876 JB/GBW, 2016 WL 5400381 at * 58 (emphasis) (quoting *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, ¶ 7 916 P.2d 1313)).

The language in §41-4-12 referring to "the constitution and laws of the United States" does not refer to an enumerated tort but has been interpreted to mean that a plaintiff is not prohibited from bringing an action for damages under the Tort Claims Act where the plaintiff

[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ([V]icarious liability is inapplicable to . . . § 1983 suits" (citing, e.g., *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978)); *Dodds v. Richardson*, 614 F.3d 1185, 1197 (10th Cir. 2010) (Although municipal liability for constitutional violations may exist under § 1983, it may not be premised on a theory of respondeat superior.).

also pursues, "by reason of the same occurrence or chain of events, an action against the same government under §1983." *Benavidez v. Shutiva*, 2015 NMCA-065, 350 P.3d 1234; *Wells v. Valencia County*, 98 N.M. 3, 655 P.2d 517 (1982) (legislature did not make the Tort Claims Act "the exclusive remedy for a constitutional violation" because common law tort rules "may not provide a complete solution in every Section 1983 case"). So, while the language "constitution . . . of the United States" means that a plaintiff is not precluded by the Tort Claims Act in bringing a §1983 claim, neither is it meant to automatically invoke a federal basis for a §1983 claim.

Given the limited jurisdiction of federal courts, jurisdiction is presumed not to exist absent proof by the party asserting jurisdiction. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991). Federal jurisdiction does not happen by accident, but by the well-pleaded complaint. While §41-4-12 refers to federal constitutional rights, there is no reason to believe that a plaintiff is required to engage in a talismanic recital of the *complete* language in a particular section waiving a state's sovereign immunity in the Tort Claims Act. Citing to the provision and listing the facts should be sufficient, and Plaintiff's inclusion of language referring to the United States Constitution for pleading purposes was unnecessary, inartful and even somewhat misleading, but in the context of the plain language in the rest of the complaint, does not assert a federal claim.

The Court makes an observation that is not part of the "well-pleaded complaint" analysis, but it is nevertheless helpful because it supports Plaintiff's argument that the intent was to limit this case to state claims. About a year prior to filing this lawsuit in state court, Plaintiff filed a related case in federal court which is now pending in front of Chief Judge M. Christina Armijo, *M.S. v. Belen Consolidated School district et al.*, No. 15-CV-00912 MCA/SCY ("related case").

That case is styled as a "Complaint for Civil Rights Violations, Personal Injuries and Violations of the New Mexico Tort Claims Act." *Id.*, Doc. 1. Counts I and II of that complaint allege claims brought under the Tort Claims Act. Count II is brought under §41-4-12 and alleges that Esquibel's conduct "inflicted assaults and batteries upon M.S. "as well as deprived her of her rights secured by the Constitution of the United States and New Mexico." No. 15-CV-00912, Doc. 1, ¶80.[4] Counts III to VII in the related case plainly assert five federal claims under §1983, such as substantive due process and equal protection under the Fourteenth Amendment and municipal liability claims based on those alleged constitutional violations.

Count II in both cases assert claims brought under §41-4-12 of the Tort Claims Act, except that Count II in the related case is based on conduct by Esquibel that is different from the conduct described in the sole count in the instant case. However, Count II in the related case includes the same language lifted from §41-4-12 stating that Esquibel's conduct "deprived [Plaintiff] of her rights secured by the Constitution of the United States and New Mexico." Doc. 1, ¶80; Doc. 14 (Am. Compl.), ¶86. This comparison of the complaints in the instant case and the related case supports Plaintiff's position that she never intended to assert federal claims in this lawsuit. Therefore, remand of this lawsuit is proper.

## II. Motion to Amend Complaint

A month after filing this motion to remand, Plaintiff subsequently filed a Motion to Amend Complaint (Doc. 27) which "merely clarifies her claims so that there is no question that Plaintiff is exclusively raising state tort claims against [Defendants]." Doc. 27 at 1, ¶5. The attached proposed amended complaint makes changes to the complaint which removes the references to the United States Constitution:

---

[4] In the related case, Plaintiff has since amended the complaint to claims of battery and intentional infliction of emotional distress. *See* Doc. 14.

> 29. At all times material hereto, the City of Belen and Esquibel owed M.S. a duty to act reasonably so as not to deprive her of her **constitutional rights pursuant to the New Mexico Constitution.**
>
> 30. Esquibel's conduct in using his position to threaten, intimidate and silence M.S. from reporting the sexual abuse was a deprivation her of her state constitutional rights secured by the **Constitution of the State of New Mexico** and constituted assault, false imprisonment and false arrest pursuant to the New Mexico Tort Claims Act.
>
> 31. Esquibel's conduct silenced M.S. from further attempts to report the sexual abuse restraining her **constitutionally protected speech under the Constitution of the State of New Mexico**.

Proposed Am. Compl. (Doc. 27-1), ¶¶39, 30 & 31. However, an amended complaint does not affect the analysis in determining whether federal jurisdiction exists, since jurisdiction is based on the complaint at the time of filing. *See Pfeiffer v. Hartford fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (it is error to assume that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action; instead, the propriety of removal is judged on the complaint as it stands at the time of the removal) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). The Court has already found that the original complaint does not assert a basis for federal jurisdiction, and so the proposed amended complaint is gratuitous for that reason as well. Therefore, Plaintiff's motion to amend the complaint (Doc. 27) is denied as moot.

## III. Supplemental Claims

Having found that no basis for federal jurisdiction exists in this case, the Court will remand the entire case. It is worth mentioning here for Defendants' benefit, that had the Court found federal jurisdiction to exist based on the initial complaint, the Court would have permitted Plaintiff to amend the complaint to clarify the absence of federal claims, at which point the Court would have declined to exercise supplemental jurisdiction over the remaining state law claims.

*See U.S. v. Botefuhr*, 309 F.3d 1263, 1273-73 (10th Cir. 2002) (district court should normally dismiss supplemental state law claims after all federal claims have been dismissed particularly when those claims are dismissed before trial); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (preference for remand "is especially strong when the federal question drops out of the case shortly after removal"). Thus, this lawsuit would have been remanded eventually.

Here, however, the Court has found that federal jurisdiction never existed. Under 28 U.S.C. §1447(c), a case "shall be remanded" if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ."

**CONCLUSION**

In sum, the Court finds and concludes that subject matter jurisdiction does not exist over this matter because Plaintiff's complaint is brought entirely under state law, and the case will be remanded. In light of this ruling, Plaintiff's motion to amend is denied as moot.

Both the City of Belen and the Estate of Michael Esquibel have filed motions to dismiss (Docs. 4 and 5). Both motions are denied as moot based on the Court's findings herein.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court **(Doc. 14)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order; the CLERK OF COURT IS HEREBY DIRECTED TO REMAND THIS CASE TO THE THIRTEENTH JUDICIAL DISTRICT, COUNTY OF VALENCIA, STATE OF NEW MEXICO;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Complaint **(Doc. 27)** is hereby DENIED as MOOT;

**IT IS FURTHER ORDERED** that Defendant City of Belen's Motion to Dismiss **(Doc. 4)** is hereby DENIED as MOOT; and

**IT IS FINALLY ORDERED** that Defendant Estate of Michael Esquibel's Motion to Dismiss **(Doc. 5)** is hereby DENIED as MOOT.

UNITED STATES DISTRICT JUDGE